Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FERNANDO MARTINEZ ASCENCION, on behalf of himself and others similarly situated,

                      Plaintiff,

   -against-

M.A.'S SOUL FOOD PLUS LLC, *dba* MA'S FISH AND CHIPS, located at 140 Empire Blvd., Brooklyn, New York 11225; M.A.'S FISH & CHIPS PLUS LLC *dba* MA'S FISH AND CHIPS, located at 508 Nostrand Ave., Brooklyn, New York 11216, *and* GERALD P. HOLMAN, *individually*,

                      Defendants.

Case No.: 22 CV 7986

**COMPLAINT in an FLSA ACTION**

ECF Case

Jury Trial Demand

---

Plaintiff, Fernando Martinez Ascencion (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, M.A.'s Soul Food Plus LLC, doing business as MA's Fish & Chips, (hereinafter, "MA's Fish and Chips on Empire Blvd"), located at 140 Empire Boulevard, Brooklyn, NY 11225; M.A.'s Fish & Chips Plus LLC, doing business as Ma's Fish & Chips (hereinafter, "MA's Fish and Chips on Nostrand Ave."), located at 508 Nostrand Avenue, Brooklyn, NY 11216; and Gerald P. Holman, individually (all defendants, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Fernando Martinez Ascension, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Fernando Martinez Ascension, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked a spread in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Queens County, New York.

6. Defendant, M.A.'s Soul Food Plus LLC, doing business as MA's Fish & Chips, is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at located at 140 Empire Boulevard, Brooklyn, NY 11225.

7. Defendant, M.A.'s Fish & Chips Plus LLC, doing business as Ma's Fish & Chips, is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 508 Nostrand Avenue, Brooklyn, NY 112169.

8. Upon information and belief, Defendant, Gerald P. Holman, is an owner, general manager, officer, director and/or managing agent of MA's Fish and Chips on Empire Blvd. and MA's Fish and Chips on Nostrand Ave., whose address is unknown at this time and who participated in the day-to-day operations of MA's Fish and Chips on Empire Blvd. and MA's Fish and Chips on Nostrand Ave., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with MA's Fish and Chips on Empire Blvd. and MA's Fish and Chips on Nostrand Ave.

9. The individual defendant, Gerald P. Holman, exercised control over the terms and conditions of his employees' employment, including Plaintiff, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of his employees, and (v) otherwise affect the quality of his employees' employment.

10. Upon information and belief, Defendant, Gerald P. Holman, was Plaintiff's employer as contemplated by the Fair Labor Standards Act and New York Labor Law.

11. Plaintiff, Fernando Martinez Ascencion, was employed by Defendants in Kings County, New York, to work as a food preparer and general helper, for Defendants' fast food restaurants known as "Ma's Fish and Chips", located in Brooklyn, continuously between November 2020 through September 2022.

12. At all relevant times, MA's Fish and Chips on Empire Blvd. and MA's Fish and Chips on Nostrand Ave., were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

13. In connection with his day-to-day work duties and responsibilities, Plaintiff handled food products and cleaning supplies which were manufactured in States outside of New York and traveled in interstate commerce.

14. Defendant, MA's Fish and Chips on Empire Blvd., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

15. Defendant, MA's Fish and Chips on Nostrand Ave., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been

moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

16. At all relevant times, the work performed by Plaintiff, Fernando Martinez Ascencion, was directly essential to the businesses operated by defendants.

17. At all relevant times, Plaintiff was paid entirely by cash.

18. Plaintiff worked for the restaurants, and directly for Gerald P. Holman, for nearly two (2) years.

19. Defendant, Gerald P. Holman, creates and implements crucial business policies, including decisions concerning the number of hours the employee is required to work, the location where the employee is to work, the amount of pay that the employee is entitled to receive, and the method and manner by which the employee is to be paid.

20. Defendant, Gerald P. Holman, directed Plaintiff Fernando Martinez Ascencion and personally paid him, in cash.

21. The defendant corporations are owned, operated, and controlled by the individual defendant Gerald P. Holman.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

23. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Fernando Martinez Ascencion, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

24. Although M.A.'s Soul Food Plus LLC, and M.A.'s Fish & Chips Plus LLC are separate corporations and business entities, they engage in related activities,

namely, operating identical restaurants in Brooklyn. The corporations shared Plaintiff, as well as other employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

25. The corporations are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

26. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

27. The corporate defendants share a common commercial business purpose, namely, operating nearly identical fish and chips and other fast foods restaurants.

28. Upon information and belief, an arrangement existed between the corporate defendants whereby both entities agreed to share the services of Plaintiff and other similarly situated employees.

29. Upon information and belief, the corporate defendants, both doing business as, MA's Fish and Chips, shared control of Plaintiff.

30. Plaintiff, Fernando Martinez Ascencion, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

31. In November 2020, Plaintiff, Fernando Martinez Ascencion, was hired by Defendants to work as a food preparer / general helper at Defendants' restaurant known as "MA's Fish and Chips" located at 508 Nostrand Avenue, Brooklyn, New York.

32. Plaintiff worked for the defendants continuously, between November 2020 and the end of September 2022.

33. Beginning in 2022 and through the end of his employment in late 2022, Plaintiff Fernando Martinez Ascencion, was assigned to work at MA's Fish and Chips on Empire Blvd., located at 140 Empire Blvd., Brooklyn, New York, in addition to his work at MA's Fish and Chips Nostrand Ave., each week.

34. Plaintiff often worked 10:00 a.m. through 11:30 p.m., six (6) days per week.

35. Plaintiff typically worked a total between sixty-five (65) to seventy-five (75), or more, hours per week.

36. Plaintiff did not punch a time clock when he began and ended work at either location. He was paid hourly, according to an assigned weekly schedule, but his employer did not keep track of his actual working hours each day.

37. Plaintiff was not a tipped employee.

38. Plaintiff received no compensation for three (3) weeks of work at the end of his employment.

39. Plaintiff's regular rate of pay was fourteen dollars ($14.00) per hour during 2020 and 2021, and fifteen dollars ($15.00) per hour in 2022.

40. Plaintiff was paid "straight time" at his assigned rate of pay; he was not given overtime premium pay for hours worked in excess of forty (40) each week.

41. Plaintiff was not given an extra hour of pay at the New York State minimum rate, when he worked a spread in excess of ten (10) hours, which occurred six (6) days per week.

42. Defendants knowingly and willfully operated their business with a policy of not paying wages to Plaintiff for all hours worked.

43. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), for all hours worked in excess of forty (40) each week, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

44. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff.

45. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

46. Defendants did not utilize a time clock, although Plaintiff was paid hourly. He was not paid "time and a half" for all overtime hours worked (*i.e.*, hours in excess of forty (40) per week).

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

50. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

51. Plaintiff Fernando Martinez Ascencion, worked hours for which he was paid no wages.

52. Plaintiff was entitled to be paid at the rate of time and one-half his regular rate of pay, for all hours worked in excess of forty (40) hours per week, pursuant to the FLSA.

53. At relevant times as stated herein, Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

54. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-

9

half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. Defendants knowingly disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the New York City minimum wage for all hours worked, and at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure him.

56. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Defendants failed to properly disclose or apprise Plaintiff, of his rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

60. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and minimum wages, and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

62. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him wages for all hours worked.

65. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a workweek.

66. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

67. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of

this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

68. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. Upon information and belief, Defendant's practices were intended to, and did in fact, disguise the actual number of hours the employee worked, and designed to avoid paying for him full hours worked; and, all overtime due.

70. Defendants disregarded and purposefully evaded the record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

71. Plaintiff was not provided with wage statements as required by law.

72. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

73. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week

74. Defendants' failure to provide a weekly wage statement entitles Plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

75. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

76. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

### **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Fernando Martinez Ascencion, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

    (g)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

    (h)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated: New York, New York
       December 30, 2022

Respectfully submitted,

*Peter Hans Cooper*

By: _____
    Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:    Gerald P. Holman

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Fernando Martinez Ascencion intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of M.A.'s Soul Food Plus LLC, and M.A.'s Fish & Chips Plus LLC, for all debts, wages and / or salaries due and owing to him as laborers, servants, and / or employee of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
        December 30, 2022

                                Respectfully submitted,

By: _____
                              Peter H. Cooper (PHC 4714)

                            CILENTI & COOPER, PLLC
                            **Counsel for Plaintiff**
                            60 East 42nd Street – 40th Floor
                            New York, NY 10165
                            Telephone (212) 209-3933
                            Facsimile (212) 209-7102
                            E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Fernando Martinez Ascencion__, am an employee currently or formerly employed by __MA's Fish and Chips__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__December 20__, 2022