UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
FERNANDO MARTINEZ ASCENCION,

                      Plaintiff,

      -against-

M.A.'S SOUL FOOD PLUS LLC; M.A.'S
FISH & CHIPS PLUS LLC; and GERALD
P. HOLMAN,

                      Defendants.
-----------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
22-CV-7986 (ENV) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

       Plaintiff Fernando Martinez Ascencion initiated this action on December 30, 2022, against Defendants M.A.'s Soul Food Plus LLC, M.A.'s Fish & Chips Plus LLC, and Gerald P. Holman, alleging claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* (*See generally* Compl., ECF No. 1.) After Plaintiff filed a notice of voluntary dismissal on May 31, 2023, the Court held a status conference on June 26, 2023, to determine whether the notice was filed pursuant to a settlement agreement subject to review under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* Notice of Dismissal, ECF No. 11; June 26, 2023 ECF Minute Entry and Order.) For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's claims be dismissed without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       As alleged in the complaint, both corporate defendants are New York limited liability companies and, together with Defendant Holman, operated two restaurants in Brooklyn, New York. (*See* Compl., ECF No. 1, ¶¶ 6–8.) Plaintiff alleges that he "was

employed by Defendants . . . to work as a food preparer and general helper" from November 2020 through September 2022. (*Id.* ¶ 11.) Plaintiff further alleges that he was underpaid for hours worked, in violation of both the FLSA and the NYLL. (*See id.* ¶¶ 52–55, 64–66.)

Plaintiff filed suit on December 30, 2022, "on behalf of himself and others similarly situated." (*Id.* at p. 1.) Plaintiff then filed affidavits of service on January 29, 2023, and January 30, 2023. (*See* Affs. of Service, ECF Nos. 5–7.) After Defendants failed to answer the complaint, Plaintiff filed a letter on April 10, 2023, asserting that Defendants were in default, indicating that Plaintiff had "reminded the [D]efendants that their time to respond to the complaint has lapsed," and requesting additional time "to take further steps." (*See* Pl.'s Letter, ECF No. 9.) Shortly thereafter, on May 31, 2023, Plaintiff filed a notice of voluntary dismissal. (*See* Notice of Voluntary Dismissal, ECF No. 11.)

The Court subsequently scheduled a status conference for June 26, 2023. (*See* June 6, 2023 ECF Scheduling Order.) Counsel for Plaintiff appeared at the conference; Defendants did not. (*See* June 26, 2023 ECF Minute Entry and Order.) Plaintiff's counsel represented that no settlement had been reached with Defendants. (*See* Transcript of June 26, 2023 Status Conference ("Tr."), ECF No. 12, at 3:1–2.) Counsel further stated that it was unclear whether Defendants had been adequately served and that, after hiring a private investigator, Plaintiff had determined that Defendants had "little assets, [that] one of the places is closed, and [that] it was not going to be a fruitful case." (Tr., ECF No. 12, at 3:6–11.) Rather than seek a default judgment, Plaintiff's counsel indicated that Plaintiff intended "to consult with the Department of Labor," which "would be better equipped to handle" Plaintiff's claims. (*Id.* at 3:14–16; 5:17–19.)

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A)(i) generally allows plaintiffs to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." In FLSA cases, however, the Second Circuit has held that dismissal under Rule 41(a)(1)(A)(i) may still be subject to court approval. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (citing *Cheeks*, 796 F.3d 199). Typically, under *Cheeks*, "before a district court enters judgment, it must scrutinize [any] settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where no settlement was reached, however, "all that [is] needed [is] confirmation that no settlement exist[s]." *Samake*, 24 F.4th at 811; *see Perez v. Liberty Food Enters.*, No. 21-CV-7340 (GHW), 2022 WL 1125622, at *2 (S.D.N.Y. Apr. 15, 2022) ("[T]he Court must evaluate such dismissals to ensure that they do not obscure a settlement.").

In light of Plaintiff's confirmation that the anticipated dismissal here does not involve any settlement, the Court respectfully recommends dismissal of the case without prejudice. (*See* Tr., ECF No. 12, 3:1–2.) As stated during the June 26, 2023 status conference, Plaintiff's decision to voluntarily dismiss his claims came after learning of potential inadequacies of service and difficulties in collecting on any judgment, given Defendants' dearth of assets and the fact that one of Defendants' restaurants had closed. (*See id.* at 3:6–11.) The Court further notes that Plaintiff intends to consult with the Department of Labor regarding his claims. (*See id.* at 3:14–16.) Based on Plaintiff's representations, the Court finds that no settlement was reached in this action; therefore, there is no settlement to review under *Cheeks*. For these reasons, the Court recommends that this case be dismissed without prejudice.

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated:  Brooklyn, New York
         September 11, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

4